**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **CAROLYN WHITE, directly and** | § | |
| **derivatively on behalf of EDISON** | § | |
| **EQUITY MANAGEMENT CORP,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO.** |
| | § | |
| **BRADLEY J. FLORIN,** | § | |
| | § | |
| | § | |
| **Defendant.** | § | |

**DEFENDANT'S NOTICE OF REMOVAL**

PLEASE TAKE NOTICE THAT, pursuant to 28 U.S.C. §§ 1441(a), (b) and 1446, Defendant Bradley J. Florin ("Defendant") hereby removes the above-captioned action (the "State Court Action") from the 95th District Court, Dallas County, Texas, Cause No. DC-22-08594 to the United States District Court for the Northern District of Texas, Dallas Division. This action is removable under 28 U.S.C. § 1441(a) and (b) because the amount in controversy exceeds $75,000 and complete diversity of citizenship exists between Plaintiff Carolyn White ("Plaintiff") and Defendant. Defendant provides the following statement of the grounds for removal together with all process, pleadings, and orders served in this action, pursuant to 28 U.S.C. §1446(a).

**THE STATE COURT ACTION**

1.      On July 28, 2022, Plaintiff filed her Original Verified Petition and Application for Temproary [sic] Restraining Order, Application for Temporary Injunction, and Permanent Injunction (the "Petition") against Defendant in the State Court Action. In the Petition, Plaintiff purported to initiate claims in her individual capacity and derivatively on behalf of her (and

Defendant's) employer, Edison Equity Management Corporation ("EEMC"). Plaintiff has alleged a single cause of action for breach of fiduciary duty against Defendant. The Petition has never formally been served on Defendant.

2.      On Friday, July 29, 2022 at 12:18 p.m. CDT, Plaintiff's counsel emailed the Petition to Defendant's counsel along with a Notice of Hearing for a hearing scheduled for 2:00 p.m. CDT that same day. This email notified Defendant for the first time that Plaintiff was initiating the State Court Action (despite having brought the litigation derivatively) and was seeking a temporary restraining order. Plaintiff's proposed Order falsely represented that Defendant had noticed a "Board of Directors" meeting for Monday, August 1, at which "Defendant would vote to terminate Plaintiff and all members of EEMC's leadership team." (Order at p. 2). Plaintiff and her counsel knew[1] that the August 1 meeting was a stockholders meeting (not a Board of Directors meeting) that was scheduled 10 days prior for the sole purpose of electing a third director to the Board, as expressly contemplated by the Stockholders Agreement, and not opposed by Plaintiff. Plaintiff also knew that there was no possibility that this August 1 meeting could result in her termination, as stockholders cannot terminate executives. At no time prior to Plaintiff's filing had Defendant even noticed a Board of Directors meeting on the subject of Plaintiff's potential termination.

3.      Tellingly, Plaintiff's Petition did not inform the Court that Plaintiff is a party to an Employment Agreement with EEMC that expressly allows for her termination for any reason and a Stockholders Agreement with a Delaware choice of law provision which expressly disclaims fiduciary duties (her sole claim in the Petition), and which contains a mandatory arbitration provision. The Petition also failed to disclose that Defendant had recently addressed

---

[1] Petition ¶ 22 ("Florin called for a *shareholder* meeting to be held on Monday, August 1, 2022, wherein he is expected to vote to terminate White and the rest of the EEMC leadership team." (emphasis added)). Shareholders do not have the authority to terminate employees, and can only vote on officers and directors.

with Plaintiff her failure to achieve the performance objectives in her Employment Agreement and other significant performance deficiencies which placed EEMC in financial and legal risk. Nor was the Court informed that just ten days earlier Plaintiff had received from EEMC's employment counsel a cease-and-desist letter addressing the alarming discovery that Plaintiff had been secretly competing against EEMC, with the use of EEMC materials and goodwill, while serving as CEO of EEMC, in violation of her Employment Agreement. Plaintiff has not responded to that cease-and-desist letter. Nonetheless, and in the absence of the disclosure of these key facts, the court in the State Court Action entered a Temporary Restraining Order and set the Temporary Injunction for hearing on August 12, 2022, at 2:00 p.m.

4.     The entire "emergency TRO" was a complete farce, apparently meant to initiate litigation prior to the election of a third (independent) director, falsely disparage Defendant, and thwart and distract from EEMC's ongoing investigation into Plaintiff's own blatant misconduct and deficient performance as CEO. Although the Temporary Restraining Order will soon expire, there is currently no Board of Director meeting scheduled on the subject of Plaintiff's potential termination.

## GROUNDS FOR REMOVAL

5.     Removal is proper under 28 U.S.C. § 1332 because complete diversity of citizenship exists between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs. Therefore, this Court has diversity jurisdiction over this matter under 28 U.S.C. § 1332.  Removal is timely, insofar as it is being made less than 30 days after Defendant received a courtesy copy of the Petition on July 29, 2022, which Plaintiff had only filed on July 28, 2022.  Finally, venue is proper in this District and Division because the State Court Action is pending in Dallas County, Texas.

## DIVERSITY OF CITIZENSHIP

6.      Plaintiff initiated this action directly and derivatively (allegedly) on behalf of nominal Plaintiff EEMC. There is complete diversity of citizenship between the parties under 28 U.S.C. § 1332 as follows:

> a.   Plaintiff, in her individual capacity, is a citizen and resident of Texas. (Petition at ¶ 4). Therefore, for diversity and removal purposes, Plaintiff is a citizen of the state of Texas.
>
> b.   Nominal Plaintiff EEMC is a Delaware corporation, with its principal places of business in Texas. (Petition at ¶ 3).[2] Therefore, for diversity and removal purposes, EEMC is deemed to be a citizen of the states of Delaware and Texas.
>
> c.   Defendant is a citizen and resident of Florida. (Petition at ¶ 5). Therefore, for diversity and removal purposes, Defendant is a citizen of the state of Florida.

## AMOUNT IN CONTROVERSY

7.      According to Plaintiff, the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. Specifically, Plaintiff seeks "monetary relief of greater than $1,000,000."  (Petition at ¶ 6).

## VENUE

8.      Under 28 U.S.C. § 1441(a), venue of the removed action is proper in this Court as it is the District and Division where the State Court Action is pending.

---

[2] Defendant disputes that Plaintiff may sue derivatively on behalf of EEMC or has done so properly.

## <u>TIMELINESS</u>

9.      This removal is timely under 28 U.S.C. § 1446(b)(1) in that it has been made within 30 days after Defendant first received a copy of the Petition on July 29, 2022, from Plaintiff's counsel, the day after she filed it on July 28, 2022.

## <u>OTHER DOCUMENTS</u>

10.      Defendant's Notice of Removal is accompanied by: (1) all executed process and pleadings in the case, including the Petition; (2) the docket sheet for the State Court Action, collectively attached hereto as ***<u>Exhibit A</u>***. Defendant's Certificate of Interested Persons will be filed separately. A copy of the Notice of Filing Notice of Removal, with a copy of this Notice of Removal attached, will be filed promptly with the 95th Judicial District Court Clerk for the District Court of Dallas County, Texas.

11.      By virtue of this Notice of Removal, Defendant does not waive his right to assert any rights, claims or other motions, including Rule 12 motions and a motion to compel arbitration, permitted by the Federal Rules of Civil Procedure or other applicable agreements, rules, or laws.  Nothing in this Notice of Removal should be taken as an admission that this Court has personal jurisdiction over Defendant or that Plaintiff has standing to assert derivative claims, that venue is proper, that Defendant was properly served, or that Plaintiff's allegations are sufficient to state a claim.

## III.     CONCLUSION

Defendant hereby effectuates removal of this action under 28 U.S.C. §§ 1332 and 1441(a) and (b).

**WHEREFORE,** Defendant gives notice that the action *Carolyn White v. Bradley J. Florin*, Cause No. DC-22-08594, pending in the 95th Judicial District Court of Dallas County, Texas is removed to this Court.

Respectfully submitted,

**BRADLEY ARANT BOULT CUMMINGS LLP**

By: */s/ Ladd A. Hirsch*
     LEONARD (LADD) A. HIRSCH
     Texas State Bar No. 0971730
     lhirsch@bradley.com
     SAMUEL T. ACKER
     Texas State Bar No. 24100111
     sacker@bradley.com
     Fountain Place
     1445 Ross Avenue
     Suite 3600
     Dallas, TX 75202

**ATTORNEYS FOR DEFENDANT**
**BRADLEY J. FLORIN**

## CERTIFICATE OF SERVICE

I hereby certify that on August 9, 2022, the foregoing document was electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

Mark E. Torian
**Champion LLP**
2200 Ross Avenue
Suite 4500 W
Dallas, Texas 75201
Mark.torian@championllp.com

     */s/ Ladd A. Hirsch*
     LEONARD (LADD) A. HIRSCH