# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **CAROLYN WHITE, directly and** | § | |
| **derivatively on behalf of EDISON** | § | |
| **EQUITY MANAGEMENT CORP,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO.** |
| | § | |
| **BRADLEY J. FLORIN,** | § | |
| | § | |
| | § | |
| **Defendant.** | § | |

**INDEX OF STATE COURT PLEADINGS**

| DATE | DOCUMENT |
|---|---|
| August 8, 2022 | State Court Docket Sheet |
| July 28, 2022 | Plaintiff's Original Petition |
| July 29, 2022 | Notice of Hearing on Plaintiff's Application for Temporary Restraining Order |
| July 29, 2022 | Temporary Restraining Order |
| August 1, 2022 | Temporary Restraining Order – Cash Bond Deposit Receipts (posted by Plaintiff Carolyn White) |

## Case Information

DC-22-08594 | CAROLYN WHITE, et al vs. BRADLEY J. FLORIN

| | | |
|---|---|---|
| Case Number | Court | Judicial Officer |
| DC-22-08594 | 95th District Court | PURDY, MONICA |
| File Date | Case Type | Case Status |
| 07/28/2022 | OTHER (CIVIL) | OPEN |

## Party

PLAINTIFF
WHITE, CAROLYN

Active Attorneys ▾
Lead Attorney
TORIAN, MARK E
Retained

PLAINTIFF
EDISON EQUITY MANAGEMENT CORPORATION

Address
105 DECKER COURT STE 525
IRVING TX 75062

DEFENDANT
FLORIN, BRADLEY J.

Address
109 NORTH COLLEGE AVE
STE 200
FORT COLLINS CO 80524

## Bond

| Bond Type | Bond Number | Bond Amount | Current Bond Status |
|-----------|-------------|-------------|---------------------|
| TRO CASH BOND | | $5,000.00 | POSTED |

## Events and Hearings

07/28/2022 NEW CASE FILED (OCA) - CIVIL

07/28/2022 ORIGINAL PETITION ▾

ORIGINAL PETITION

TEMPORARY RESTRAINING ORDER

07/28/2022 ISSUE CITATION ▾

ISSUE CITATION

07/29/2022 TRO HEARING ▾

NOTICE OF HEARING - TRO

Judicial Officer(s)
PURDY, MONICA, HURDLE, RONALD

Hearing Time
2:00 PM

07/29/2022 NOTICE OF HEARING / FIAT ▾

NOTICE OF HEARING - TRO

Comment
NOTICE OF HEARING - TRO

07/29/2022 ORDER - TEMPORARY RESTRAINING ORDER ▾

TRO

08/01/2022 ISSUE TRO

08/01/2022 ISSUE NOTICE

08/01/2022 BOND FILED

08/01/2022 TRUST RECEIPT ▾

TRUST RECEIPT

08/03/2022 CITATION▾

Unserved

Anticipated Server
ESERVE

Anticipated Method
Comment
BRADLEY J. FLORIN

## Financial

WHITE, CAROLYN

| | Total Financial Assessment | | | $379.00 |
|---|---|---|---|---|
| | Total Payments and Credits | | | $379.00 |
| 7/29/2022 | Transaction Assessment | | | $358.00 |
| 7/29/2022 | CREDIT CARD - TEXFILE (DC) | Receipt # 46065-2022-DCLK | WHITE, CAROLYN | ($221.00) |
| 7/29/2022 | STATE CREDIT | | | ($137.00) |
| 8/1/2022 | Transaction Assessment | | | $13.00 |
| 8/1/2022 | Transaction Assessment | | | $8.00 |
| 8/1/2022 | PAYMENT (CASE FEES) | Receipt # 46671-2022-DCLK | CHAMPION, LLC | ($21.00) |

## Documents

ORIGINAL PETITION

TEMPORARY RESTRAINING ORDER

NOTICE OF HEARING - TRO

TRO

ISSUE CITATION

TRUST RECEIPT

FILED
7/28/2022 5:34 PM
FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS
Stephanie Clark DEPUTY

DC-22-08594

CAUSE NO. _____

| | | |
|---|---|---|
| CAROLYN WHITE, directly and derivatively on behalf of EDISON EQUITY MANAGEMENT CORPORATION, | §<br>§<br>§<br>§ | IN THE DISTRICT COURT OF |
| Plaintiff, | §<br>§ | |
| v. | §<br>§ | DALLAS COUNTY, TEXAS |
| BRADLEY J. FLORIN, | §<br>§<br>§ | 95th |
| Defendant, | §<br>§ | _____ JUDICIAL DISTRICT |

**PLAINTIFF'S VERIFIED ORIGINAL PETITION AND APPLICATION FOR TEMPROARY RESTRAINING ORDER, APPLICATION FOR TEMPORARY INJUNCTION, AND PERMANENT INJUNCTION**

Plaintiff Carolyn S. White ("White"), directly and derivatively on behalf of Edison Equity Management Corporation ("EEMC") (collectively, "Plaintiff"), for its Original Petition, Application for Temporary Restraining Order, Application for Temporary Injunction, and Permanent Injunction against Defendant Bradley J. Florin ("Defendant" or "Florin"), states and alleges as follows:

**DISCOVERY**

1.      Discovery is intended to be conducted according to Rule 190.3 of the Texas Rules of Civil Procedure.

**NATURE OF THE ACTION**

2.      Defendant Bradley J. Florin is the Chief Development Officer of Edison Equity Management Corporation. Florin has asked Plaintiff Carolyn S. White, the company's President and Chief Executive Officer, to tender her resignation or face subsequent termination. Before, during, and after negotiations between the parties, Florin has taken repeated and substantial actions that will result in catastrophic and irreparable harm to the company. Florin owes fiduciary duties

to EEMC, its shareholders, White and to the company's investors to not take actions that would result in such irreversible damage to the company financially (i.e., loss of valuable contracts, future revenue, and current nonfungible real property assets subject to forfeiture) and reputationally, as well as the individuals that make up the company.

## THE PARTIES

3.     Edison Equity Management Corporation ("EEMC") is a Delaware Corporation with its primary place of business and headquarters at 105 Decker Court, Suite 525, Irving, TX 75062. EEMC also has an office in Fort Collins, Colorado. EEMC is a fully integrated real estate developer, owner, and operator of multi-family real estate with a primary focus on 55+ Active Adult and secondary focus on value-add properties.

4.     Plaintiff Carolyn S. White is the President and Chief Executive Officer of EEMC as well as a member of its Board of Directors. White is a resident of Tarrant County and is currently employed at EEMC.

5.     Defendant Bradley J. Florin is the Chief Development Officer of EEMC as well as a member of its Board of Directors. On information and belief Florin is a resident of Miami-Dade County with principal place of residence at 1000 Brickell Plaza, PH5406, Miami, Florida 33131. Florin is currently employed at EEMC. EEMC, of which Florin is an officer and director, is headquartered in Irving, Texas.  EEMC has ongoing operations in Texas that Florin oversees and to which he conducts business on a day-to-day basis.  Most importantly, Florin travels to Texas, including Irving, Texas, routinely in the day-to-day business of EEMC, as well as directing communications to Texas in the performance of his job as director and Chief Development Officer of EEMC.  As a result, Florin has substantial personal contacts with the State of Texas and Dallas

County, Texas.  Florin may be served with process at his home address, his work address (109 N College Avenue, Suite 200, Fort Collins, Colorado 80524), or wherever he may be found.

## JURISDICTION AND VENUE

6.      Jurisdiction is proper in this court because the amount in controversy exceeds the minimum jurisdictional threshold of this Court. Pursuant to Rule 47(c), Plaintiff seeks monetary relief of greater than $1,000,000 and non-monetary relief.

7.      Venue is proper in Dallas County pursuant to Texas Civil Practice & Remedies Code § 15.002(a)(1) because all or a substantial part of the events giving rise to Plaintiff's claims occurred in Dallas County.

8.      Delaware Court of Chancery Rule 23.1 permits a shareholder to bring suit derivatively on behalf of the company. Rule 23.1 requires a plaintiff to first make a demand on the directors to obtain the desired action unless a plaintiff can allege facts to show such a demand would be futile. Here, EEMC's Board of Directors consists of two members: Plaintiff and Defendant. Because the only two members of the Board of Directors are also the parties to this suit, any demand submitted to the Board would be futile. Accordingly, Plaintiff may bring this suit derivatively on behalf of EEMC.

## FACTUAL BACKGROUND

### A.      Company and Individual Backgrounds.

9.      EEMC is a multi-family developer, owner, and operator of multi-family real estate with a primary focus on the 55+ active adult market and a secondary focus on value-add properties. EEMC has acquired and renovated nine properties consisting of 1,877 units in Texas, Florida, Arizona, and Colorado with a value of over $270 million. EEMC also has additional projects in pre-development valued at approximately $230 million.

10.     EEMC Capital Partners, LLC (the "Co-GP") is the sponsor for EEMC's active adult development and acquisition products. The Co-GP provides pursuit capital via loans and is collateralized by the promote interests in the development projects. For each project, the Co-GP forms a special purpose entity ("SPE") and extends to the SPE a loan to fund the pursuit costs. Each SPE then raises long-term equity and repays the pursuit loan upon acquisition or groundbreaking of the project. Essentially, investors place capital in the Co-GP which then funds the SPEs and projects until the loan is repaid with interest.

11.     Carolyn White is the President and Chief Executive Officer of EEEMC. White holds one of two seats on the Board of Directors with a thirty percent interest in the company. White has invested fifty-two percent of the company's equity and project entities. White is also responsible for bringing in the vast majority of investors to the company. White is a joint and several guarantor on all Co-GP sponsored loans totaling $150 million. White has over thirty years of real estate experience, twenty of which were in the risk organization at General Electric Real Estate.

12.     Brad Florin is the Chief Development Officer and Secretary of EEMC. Florin holds the other of the two seats on the Board of Directors with a fifty-seven percent controlling interest in the company. Florin has invested forty-eight percent of the company's equity and project entities. Florin is a joint and several guarantor on all Co-GP sponsored loans totaling $150 million. Florin is deemed to be an entrepreneur that entered the real estate development space in 2016.

**B.     White's Termination and Subsequent Negotiation.**

13.     On May 25, 2022, Florin, without any warning, emailed White with the intention of inexplicably ousting her as CEO of EEMC. Florin's email demanded White resign from her position by the end of the month or else he would elect a third member to the Board of Directors

who would then recommend and vote in favor of White's termination. Florin's email cited a variety of baseless reasons for his desire to terminate White from EEMC. At the very least, Florin is partially responsible for some of the reasons behind his decision to terminate White.

14.     On May 30, 2022, Florin sent another email to White and the rest of EEMC's leadership team regarding a certain Partners Group Joint Venture. In short, Florin exercised his controlling share in EEMC to kill the Partners Group Joint Venture (an estimated value of $80 million to EEMC). Florin participated in negotiating the joint venture terms with White and diligently worked towards meeting the conditions to close. After all conditions were met and the investors were jointly notified of the upcoming close, Florin abruptly killed the deal.

15.     On May 31, 2022, White responded to Florin's decision by email. White's email outlined numerous financial consequences of backing out of the Partners Group Joint Venture. Such ramifications included a cash shortage to pay the Co-GP quarterly distributions, a dead deal cost of $550 thousand to be paid by EEMC, potential lawsuits from investors, reputational damage, and multiple non-refundable deposits. Florin's unsound judgment caused, in no uncertain terms, great harm to EEMC.

16.     White's May 31st email put a brief pause to Florin's decisions and both parties began negotiations. Said negotiations discussed the separation of EEMC's assets and a division of projects and capital that was agreeable to White and Florin.

17.     Both parties generally agreed upon the outcome of four built properties and two properties under construction. The main item left open during negotiations related to the division of four owned land parcels funded by Co-GP capital of $15 million. The last proposal, suggested by White, entailed the parcels being split based on percent capital raised by each party.

18.     In or about July 2022, Florin ceased all settlement talks and released a flurry of demands on White and EEMC in an effort to seize control of White's equity and investors.

**C.     Florin's Misdeeds During and After Negotiations.**

19.     Before, during, and after the negotiations between White and Florin, Florin began a spree of roguish and erratic behavior. Florin raised funds by relying on the reputation, extensive track record, and good will of White and EEMC's leadership team. Florin wiped and/or tampered with electronic files and email rules. Florin attempted to manage earnings by demanding EEMC's CFO revise development fees, reclassify and restate prior financials. Florin no longer saw benefit in negotiating for an amicable separation and division of assets. Instead, Florin embarked on a path that was certain to cause great harm to EEMC and its investors while refusing to engage in dialogue with institutional and personal investors, lenders, and banks that ultimately control the fate of the respective deals if White is removed.

20.     Unbeknownst to White, Florin was continuing to raise money on behalf of EEMC and the Co-GP while imminent separation negotiations were ongoing. Florin raised approximately $1.2 million to be invested in the Co-GP and removed White's name from the EEMC signature block, replacing it with his own, without telling anyone. This capital was sourced from four individuals on June 21, June 30, July 6, and July 7, 2022. These dates occurred at the same time as ongoing negotiations between White and Florin. Furthermore, in soliciting this capital, Florin did not alter the standard investment presentation to provide any disclosure of the pending material organizational changes. This presentation listed White as CEO, included White's leadership team as key individuals within the company, and more. Meanwhile, White and the rest of the leadership team were planning their departure from EEMC per the progressing term sheet negotiations. Florin knowingly kept potential investors ignorant to the fact he was planning on promoting existing, less

experienced, employees to backfill leadership positions and wholly eliminate some key positions including the Chief Financial Officer, Chief Investment Officer, and Executive Vice President of Assets. Such behavior presents a *prima facie* case of negligent misrepresentation to new investors subjecting EEMC and its officers and directors to liability. White has repeatedly demanded that EEMC make proper disclosure to both new and original Co-GP investors, but Florin has refused.

21.     During negotiations, Florin also orchestrated a series of digital coups to limit access to White and the existing leadership team. For example, on May 25, 2022, less than two hours after Florin's original email to White demanding her resignation, Florin accessed the Office 365 system of EEMC's Senior Vice President of Asset Management, Bruce Bardgett. Then, under the assumption that Mr. Bardgett's email had been hacked, Florin proceeded to sweep his Office 365 account and permanently delete all deleted emails and/or changed email rules impacting the receipt of key emails from EEMC's largest partner. Conveniently, EEMC's head of Information Technology was on vacation at this time. Florin also emailed Mr. Bardgett relaying his course of action and informing him that Florin would be in contact with legal counsel to determine how to proceed with potentially leaked confidential information. On information and belief, Florin never contacted any legal counsel.

**D.     Florin's Actions Will Cause Irreparable Harm.**

22.     Florin called for a shareholder meeting to be held on Monday, August 1, 2022, wherein he is expected to vote to terminate White and the rest of the EEMC leadership team.

23.     If White either resigns or is terminated from EEMC, such action will irreparably harm EEMC, its shareholders, and its investors whose capital was placed in the hands of EEMC.

24.     By way of example, EEMC is currently acting as a developer pursuant to the Development Agreement, dated April 25, 2002, by and between EEMC and Velocis Edison

McCormick JV, LP ("Velocis") (the "Velocis Dev Agreement"). Florin and White are also parties to the Agreement of Limited Partnership of Velocis Edison McCormick JV, LP (the "Velocis JV Agreement"). The Velocis Dev Agreement governs the construction of a 55+ age restricted rental community with 102 units branded 55 Resort at McCormick Ranch along with related amenities in Scottsdale, Arizona ("McCormick Ranch"). Such construction is undertaken pursuant to a loan with a maximum principal amount of $25.85 million to Velocis. Pursuant to § 1.12 of the Velocis Dev Agreement, White is a key person and is required to maintain control of EEMC. If White is removed from the Board of Directors of EEMC, the voting interest in EEMC would transfer from White to Florin. The Velocis Dev Agreement stipulates that such a transfer of voting interest without Velocis' prior written approval would trigger an event of default under § 6.1(e).

25.     § 6.2(a) of the Velocis Dev Agreement provides that upon an event of default by EEMC, Velocis is entitled to terminate the Velocis Dev Agreement and take possession of the real property and all pertinent tools, construction equipment, and machinery related to the development of McCormick Ranch. Under § 10.11 of the Velocis JV Agreement, if the Velocis Dev Agreement is terminated, then White will forfeit her promote interest (subsequent to her membership interest in 55 Resorts Investments at McCormick Ranch, LLC). This will immediately result in the loss of approximately $7 million of revenue to EEMC and a nonfungible real property asset.

26.     By way of another example, EEMC is currently acting as the Manager pursuant to the Limited Liability Company Operating Agreement of EEMC DEN Euless Multifamily Investors LLC ("55 Oaks JV"), dated March 26, 2021, by and between EEMC, EEMC Euless Investors, LLC, and Den Euless Multifamily Investor LLC ("Den Euless") (the "55 Oaks JV Agreement"). The 55 Oaks JV Agreement provides for, among other things, the operation of a 151-unit multifamily project located in Euless, Texas ("55 Oaks"). Pursuant to § 6.1(b) of the 55 Oaks JV

Agreement, White is a Principal and Key Personnel. White's status as Key Personnel may only be altered upon the prior written consent of Den Euless. The 55 Oaks JV Agreement stipulates that such a change without said consent constitutes an event of default under § 6.1(b).

27.    § 7.2 of the 55 Oaks JV Agreement provides that upon an event of default, Den Euless is entitled to remove EEMC as the Manager of 55 Oaks JV and to remove EEMC as manager of the title holding entity of 55 Oaks. Accordingly, EEMC will cease to receive any payments, distributions, and any other financial and non-financial benefits from 55 Oaks, resulting in losses of more than $3.2 million dollars of revenue as well as a nonfungible real property asset.

28.    By way of another example, EEMC is currently acting as the Manager pursuant to the Limited Liability Company Operating Agreement of EEMC DEN Duncanville Multifamily Investors LLC ("Champions Cove JV"), dated April 6, 2021, by and between EEMC, EEMC Duncanville Investors, LLC, and Den Duncanville Multifamily Investor LLC ("Den Duncanville") (the "Champions Cove JV Agreement"). The Champions Cove JV Agreement provides for, among other things, the operation of a 150-unit multifamily project located in Duncanville, Texas ("Champions Cove"). Pursuant to § 6.1(b) of the Champions Cove JV Agreement, White is a Principal and Key Personnel. White's status as Key Personnel may only be altered upon the prior written consent of Den Duncanville. The Champions Cove JV Agreement stipulates that such a change without said consent constitutes an event of default under § 6.1(b).

29.    § 7.2 of the Champions Cove JV Agreement provides that upon an event of default, Den Duncanville is entitled to remove EEMC as the Manager of Champions Cove JV and to remove EEMC as manager of the title holding entity of Champions Cove. Accordingly, EEMC will cease to receive any payments, distributions, and any other financial and non-financial benefits

from Champions Cove, resulting in losses of no less than $3 million as well as a nonfungible real property asset.

30.     These are but three examples of the multitude of contracts, agreements, and partnerships that are directly affected by White's termination from her position at EEMC.

31.     The culmination of all the aforementioned defaults would result in an approximate $13.2 million loss in revenue to EEMC related to forfeited promote interests, development fees, property management fees, and asset management fees.

32.     In addition to extensive monetary damages, there is perhaps even greater non-monetary damage stemming from White's potential termination. If White is removed from her position, dozens of contracts, like the ones above, enter default. The next step is for the joint venture partners, the other parties to the contracts, to take back the real property assets subject of the contracts. White and EEMC then lose these irreplaceable assets and their aforementioned revenue. EEMC has a multitude of fixed costs including payroll, rent, insurance, and assorted overhead costs. Without revenue from various joint venture assets, there is a real possibility that EEMC becomes defunct.

33.     Moreover, EEMC, White, and the rest of the leadership team face significant impacts to their reputation with investors, lenders, and other involved parties. Such a reputational hit would hinder White's ability to source and finance future projects.

34.     Lastly, the investors whose capital is placed in these various projects and joint ventures would be irreparably harmed. Pursuant to any loss of capital, investors could raise numerous causes of action against EEMC as well as White and Florin as members of the Board of Directors.

## COUNT I: Breach of Fiduciary Duty

35.     Plaintiff incorporates by reference all allegations in the preceding paragraphs.

36.     Plaintiff and Defendant had a fiduciary relationship as a result of their ownership in EEMC.

37.     Defendant breached his fiduciary duty to Plaintiff by, at least, causing numerous contracts to default and become breached as a result of him terminating White from her role at EEMC.

38.     Defendant's breach will cause substantial and direct injury to EEMC and White.

39.     Defendant directly benefited from his breach of fiduciary duties by receiving distributions from the additional capital raised after he requested White's resignation. Notably, White refused said distributions.

## APPLICATION FOR TEMPORARY RESTRAINING ORDER

## AND INJUNCTIVE RELIEF

40.     Plaintiff incorporates by reference all allegations in the preceding paragraphs.

41.     As set forth in detail above, Plaintiff has established a probable right to relief it seeks upon final trial of this case. Specifically, Plaintiff has established that Defendant has breached one or more fiduciary duties owed to her.

42.     Without injunctive relief, EEMC will suffer a probable, imminent, and irreparable injury for which there is no adequate legal remedy.

43.     Plaintiff requests the Court preserve the status quo by temporarily restraining and enjoining Defendant from terminating White until final trial of this case or until such time as the issues stemming from the contracts subject to this dispute can be resolved amicably and in the best interest of EEMC, its shareholders, and its investors.

## DEMAND FOR JURY TRIAL

44.     Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

Accordingly, Plaintiff prays that the Court enter judgment awarding it the following relief:

A.      A temporary restraining order as set forth above;

B.      A temporary and permanent injunction as set forth above;

C.      Actual damages;

D.      Costs;

E.      Pre- and post-judgment interest; and

F.      All other relief to which Plaintiff is entitled.


Dated:  July 28, 2022                            Respectfully submitted,

                                                 **CHAMPION LLP**

                                                 */s/ Mark E. Torian*
                                                 Mark E. Torian
                                                 Texas Bar No. 24028051
                                                 Mark.Torian@championllp.com
                                                 ----
                                                 Eugene Massad
                                                 Texas Bar No. 24126247
                                                 Eugene.Massad@championllp.com

                                                 2200 Ross Avenue
                                                 Suite 4500W
                                                 Dallas, Texas 75201
                                                 214-225-8880 | Main
                                                 214-225-8881 | Fax

                                                 **COUNSEL FOR PLAINTIFF**

**Compliance with Dallas County Civil District Court Loc. R. 2.02**

I, Mark E. Torian, Counsel for Plaintiff and Movant, provided the Defendant Respondent and known out-of-state counsel with a copy of the above application for Temporary Restraining Order and the proposed Order at least two (2) hours before the application and proposed Order are to be presented to the Court for decision. However, to the extent not received, the application is verified by Plaintiff/Movant, the irreparable harm is imminent, and there is insufficient time to notify the opposing party or counsel prior to presentation to the Court.

/s/ *Mark E. Torian*
Mark E. Torian

## AFFIDAVIT OF CAROLYN S. WHITE

Before me, the undersigned authority, personally appeared Carolyn S. White, who, being by me duly sworn, deposed as follows:

1.  My name is Carolyn S. White. I am over the age of eighteen (18) years of age and am fully capable of making this affidavit. I have never been convicted of a felony or any crime involving moral turpitude.

2.  I am of sound mind and fully competent to make this affidavit. I provide this affidavit and the sworn testimony herein under penalty of perjury.

3.  I have personal knowledge of the facts stated in this affidavit and in the foregoing paragraphs outlined in the original petition.

4.  The factual statements set forth above in paragraph 9-35 and 40-43 of my petition are incorporated into this affidavit as if fully set forth in this affidavit, word for word, verbatim.

5.  I have reviewed each paragraph and each fact outlined in the foregoing original petition and application for injunctive relief. The facts stated in the foregoing pleadings are within my personal knowledge and are true and correct.

Dated: 7/28/2022

_____
Carolyn S. White

STATE OF TEXAS                )

COUNTY OF DALLAS          )

SWORN TO AND SUBSCRIBED before me on this 28th day of July, 2022, to certify which witness my hand and seal of office.

_____
Notary Public in and for the State of Texas

_____
Printed Name of Notary Public

## AFFIDAVIT OF CAROLYN S. WHITE

Before me, the undersigned authority, personally appeared Carolyn S. White, who, being by me duly sworn, deposed as follows:

1.  My name is Carolyn S. White. I am over the age of eighteen (18) years of age and am fully capable of making this affidavit. I have never been convicted of a felony or any crime involving moral turpitude.

2.  I am of sound mind and fully competent to make this affidavit. I provide this affidavit and the sworn testimony herein under penalty of perjury.

3.  I have personal knowledge of the facts stated in this affidavit and in the foregoing paragraphs outlined in the original petition.

4.  The factual statements set forth above in paragraph 9-35 and 40-43 of my petition are incorporated into this affidavit as if fully set forth in this affidavit, word for word, verbatim.

5.  I have reviewed each paragraph and each fact outlined in the foregoing original petition and application for injunctive relief. The facts stated in the foregoing pleadings are within my personal knowledge and are true and correct.

Dated: 7/28/2022

_____
Carolyn S. White

STATE OF TEXAS          )

COUNTY OF DALLAS        )

SWORN TO AND SUBSCRIBED before me on this 28th day of July, 2022, to certify which witness my hand and seal of office.

_____
Notary Public in and for the State of Texas

_____
Printed Name of Notary Public

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Francine Crae on behalf of Mark Torian
Bar No. 24028051
francine.crae@championllp.com
Envelope ID: 66781613
Status as of 7/29/2022 10:17 AM CST
Associated Case Party: CAROLYN WHITE

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Eugene Massad | | eugene.massad@championllp.com | 7/28/2022 5:34:18 PM | SENT |
| Mark Torian | | mark.torian@championllp.com | 7/28/2022 5:34:18 PM | SENT |
| Francine Crae | | francine.crae@championllp.com | 7/28/2022 5:34:18 PM | SENT |

CAUSE NO. DC-22-08594

| | | |
|---|---|---|
| CAROLYN WHITE, directly and derivatively on behalf of EDISON EQUITY MANAGEMENT CORPORATION, | § | DISTRICT COURT |
| Plaintiff, | | |
| | | DALLAS COUNTY, TEXAS |
| v. | | |
| BRADLEY J. FLORIN, | | |
| Defendant. | | 95TH JUDICIAL DISTRICT |

## NOTICE OF HEARING

**PLEASE TAKE NOTICE** that on **JULY 29, 2022** at **2:00 P.M.**, a hearing will be conducted on **PLAINTIFF'S APPLICATION FOR TEMPORARY RESTRAINING ORDER, APPLICATION FOR TEMPORARY INJUNCTION AND PERMANENT INJUNCTION** before the Honorable Ronald B. Hurdle, Associate Judge, 95th Judicial District Court, 600 Commerce Street, Sixth Floor West, Aux 6-C, Dallas, 75202.

July 29, 2022

Respectfully submitted,

**CHAMPION LLP**

*/s/ Mark E. Torian*
Mark E. Torian
Texas Bar No. 24028051
Mark.Torian@championllp.com
Eugene Massad
Texas Bar No. 24126247
Eugene.Massad@championllp.com
2200 Ross Avenue
Suite 4500W
Dallas, Texas 75201
214-225-8880 | Main
214-225-8881 | Fax

**COUNSEL FOR PLAINTIFF**

## COMPLIANCE WITH DALLAS COUNTY CIVIL DISTRICT COURT LOC. R. 2.02

I, Mark E. Torian, Counsel for Plaintiff and Movant, provided the Defendant Respondent and known out-of-state counsel with a copy of the above Notice of Hearing  at least two (2) hours before the application and proposed Order are to be presented to the Court for decision. However, to the extent not received, the application is verified by Plaintiff/Movant, the irreparable harm is imminent, and there is insufficient time to notify the opposing party or counsel prior to presentation to the Court.

*/s/ Mark E. Torian*
Mark E. Torian

# REPRINTED RECEIPT

## DALLAS COUNTY OFFICIAL RECEIPT FELICIA PITRE, DISTRICT CLERK

Payor
WHITE, CAROLYN

Receipt No.
**46672-2022-DCLK**

Transaction Date
08/01/2022

| Description | Amount Paid |
|---|---|

On Behalf Of  WHITE, CAROLYN
DC-22-08594
CAROLYN WHITE, et al vs. BRADLEY J. FLORIN
Bond Account

| | |
|---|---|
| CASH BOND DEPOSIT (CIVIL) | 5,000.00 |
| **SUBTOTAL** | **5,000.00** |
| **PAYMENT TOTAL** | **5,000.00** |
| CHECK (Ref #5369) Tendered | 5,000.00 |
| Total Tendered | **5,000.00** |
| Change | 0.00 |

| 08/01/2022 | Cashier | Audit |
|---|---|---|
| 03:02 PM | Station DC152 | 64380846 |

## REPRINTED RECEIPT

# OFFICIAL RECEIPT
## DALLAS COUNTY OFFICIAL RECEIPT FELICIA PITRE, DISTRICT CLERK

Payor
**CHAMPION, LLC**

Receipt No.
**46671-2022-DCLK**

Transaction Date
08/01/2022

| Description | Amount Paid |
|---|---|
| **WHITE, CAROLYN** | |
| DC-22-08594 | |
| CAROLYN WHITE, et al vs. BRADLEY J. FLORIN | |
| ISSUE NOTICE | 8.00 |
| BOND FILING AND APPROVAL SCHEDULE | 5.00 |
| ISSUE TRO | 8.00 |
| **SUBTOTAL** | **21.00** |
| Remaining Balance Due:  $0.00 | |

**PAYMENT TOTAL** | **21.00**

| | |
|---|---|
| CASH Tendered | 21.00 |
| **Total Tendered** | **21.00** |
| Change | 0.00 |

| 08/01/2022 | Cashier | Audit |
|---|---|---|
| 03:00 PM | Station DC152 | 64380842 |

## OFFICIAL RECEIPT

CAUSE NO. DC-22-08594

| | | |
|---|---|---|
| CAROLYN WHITE, directly and derivatively on behalf of EDISON EQUITY MANAGEMENT CORPORATION, | § § § § | IN THE DISTRICT COURT OF |
| Plaintiff, | § § | |
| v. | § § | DALLAS COUNTY, TEXAS |
| BRADLEY J. FLORIN, | § § § | |
| Defendant, | § | 95th JUDICIAL DISTRICT |

## <u>TEMPORARY RESTRAINING ORDER</u>

On this day, the Court considered Plaintiff Carolyn S. White's ("White"), directly and derivatively on behalf of Edison Equity Management Corporation ("EEMC") (collectively, "Plaintiff") Original Petition, Application for Temporary Restraining Order, Application for Temporary Injunction and Permanent Injunction, filed July 28, 2022 (the "Application") which seeks to enjoin Defendant Bradley J. Florin ("Defendant" or "Florin").

Based upon the facts set forth in the Application, and upon consideration of the arguments of counsel, the Court finds as follows:

Plaintiff Carolyn White alleges that she is the President and Chief Executive Officer of EEMC Defendant is the Chief Development Officer of EEMC. Together, Plaintiff and Defendant are the only two members of the EEMC Board of Directors. In connection with their respective roles and ownership of EEMC, both White and Florin owe various fiduciary duties to EEMC. Such fiduciary duties include the duty of care wherein the fiduciaries must perform their functions in a manner they reasonably believe to be in the best interest of the company and with the care that an ordinarily prudent person would reasonably be expected to exercise in their position.

Plaintiff also alleges Florin, while in the midst of negotiations that would result in White and the leadership team's departure from the company, continued to source additional capital for EEMC by trading on the reputation, expertise, and good will of White and the leadership team.

Plaintiff also alleges there is to be a meeting called for the Board of Directors of EEMC on Monday, August 1, 2022. At this meeting, it is expected that Defendant will vote to terminate Plaintiff and all members of EEMC's leadership team.

Plaintiff also alleges Florin's intention to terminate White's role at EEMC will trigger a waterfall of defaults and breaches in various contracts to which EEMC is a party and to which White is a key person and personal guarantor.

The Court finds Plaintiff has shown that her termination would result in various defaults and breaches to several contracts to which she is a personal guarantor and to which EEMC is a party.

The Court finds Plaintiff has also shown that such defaults and breaches would result in the forfeiture of EEMC's unique real property assets, $13.2 million in lost revenue related to promote interests, development fees, property management fees, and asset management fees. EEMC's total losses stemming from these defaults and breaches may result in EEMC going out of business.

The Court finds Plaintiff has also shown that such defaults and breaches would result in serious negative impacts to White's business reputation as well as the reputation of EEMC and its leadership team.

The Court finds Plaintiff has also shown that such defaults and breaches may give rise to various causes of action to be brought by EEMC's investors, joint venture partners, and any other affected parties.

**TEMPORARY RESTRAINING ORDER**                                                          **Page 2 of 4**

The Court finds Plaintiff has established that irreparable harm is imminent as a result of Defendant's actions. In addition, there is no adequate remedy at law because a majority of EEMC's losses are intangible and irreplaceable, such as real property assets and societal reputation. Accordingly, the Court has determined it is necessary and appropriate to preserve the status quo until Plaintiff's Application for Temporary Injunction can be determined.

IT IS THEREFORE ORDERED that Defendant Bradley J. Florin, and all other persons in active concert or participation with him who receive actual notice of this Order by personal service or otherwise, are hereby enjoined until 14 days after entry of this Order or until further order of this Court, on the following terms:

(a)     Defendant, directly or indirectly, is prohibited from terminating Plaintiff Carolyn White from her position as President and Chief Executive Officer of Edison Equity Management Corporation.

(b)     Defendant, directly or indirectly, is prohibited from raising additional capital on behalf of Edison Equity Management Corporation based on any misrepresentation relating to the involvement and/or status of Plaintiff or any other persons on Edison Equity Management Corporation's leadership team.

(c)     Defendant, directly or indirectly, is prohibited from terminating any persons on Edison Equity Management Corporation's leadership team.

IT IS FURTHER ORDERED that Plaintiff's Application for Temporary Injunction shall be heard before a District Court for the above-named Court on the 12th day of August 2022 at 2:00 o'clock in the p.m., in the courtroom assigned to said judge.

This Order shall not be effective unless and until Plaintiff executes and files with the Clerk of this Court a bond, in conformity with the law, in the amount of five thousand (5000) DOLLARS

**TEMPORARY RESTRAINING ORDER**                                         **Page 3 of 4**

and 00/100. Bond may be posted by attorney's check, by check of Carolyn S. White, or by company check of Edison Equity Management Corporation.

The Clerk of the above-titled Court shall forthwith, on the filing by Plaintiff of the bond herein required and on approving the same according to the law, issue a Temporary Restraining Order in conformity with the law and the terms of this Order.

7/29/2022 4:24:02 PM

SIGNED this ___29th___ day of _____July_____, 2022 at ___4:22___ o'clock, __P__.m.

_____

~~JUDGE PRESIDING~~

Associate Judge